IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA LITTLEFIELD,<br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant. | Case No. 1:23-cv-01127-JEH |

**Order**

The Court has reviewed the Plaintiff's Attorney's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) (D. 19). In its Response (D. 20), the Defendant states that it neither supports nor opposes counsel's request for attorney's fees under § 406(b) as it is for the Court to decide if the request for attorney's fees under § 406(b) is reasonable under the law. For the reasons set forth *infra*, the Motion (D. 19) is granted.

**I**

On July 14, 2020, the Court reversed and remanded the decision of the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g). *See Littlefield v. Comm'r of Soc. Sec.*, No. 1:19-cv-01345-JEH (C.D. Ill. July 14, 2020). The Court also awarded the Plaintiff's Attorney's Fees pursuant to the Equal Access to Justice Act totaling $6,886.75. *Id.* at (D. 27). Subsequently, on October 15, 2023, the Court again reversed and remanded the decision of the Commissioner for further administrative proceedings pursuant to 42 U.S.C. § 405(g). *See Littlefield v. Comm'r of Soc. Sec.*, No. 1:23-cv-01127-JBM (C.D. Ill. Oct. 25, 2023). The Court also awarded the Plaintiff's Attorney's Fees pursuant to the Equal Access to Justice

Act totaling $7,195.50. *Id.* at (D. 18). Following remand, the Plaintiff was awarded $101,612.00 in past-due benefits upon the issuance of a favorable decision by the SSA on August 22, 2025.

42 U.S.C. § 406(b)(1) provides that if an attorney successfully represents a claimant in federal court:

> the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

The Supreme Court has clarified that the "25% cap applies only to fees for representation before the court, not the agency" under § 406(a). *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019). "[S]o an attorney may ultimately be awarded more than 25% of past-due benefits under §§ 406(a) and (b)(1) combined." *O'Donnell v. Saul*, 983 F.3d 950, 952 (7th Cir. 2020). However, Section 406(b)(2) makes it a misdemeanor for an attorney to charge or otherwise collect a fee for court representation in excess of the amount permitted under § 406(b)(1). That said, the "Savings Provision" of the EAJA provides that an attorney does not violate § 406(b)(2) by accepting an EAJA fee in addition to a court fee under § 406(b)(1), "but only if, where the claimant's attorney receives fees for the same work under both 406(b)(1) and the EAJA, the claimant's attorney refunds to the claimant the amount of the smaller fee." *Id.* at 953 (internal citation omitted).

Section 406(b)(1) vests the Court with discretion to award a reasonable fee and to determine what that fee is. *Id*. at 957. In making that determination, a court considers the contingent-fee agreement, the character of representation, the results achieved, and whether the past-due benefits recovered are

2

disproportionate to the amount of time spent on the case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Here, the Plaintiff signed a fee agreement providing she agreed to pay her attorney 25% of past due benefits without limitation if her counsel represented her before a federal court and obtained a favorable outcome. $25,403.00 – 25% of the Plaintiff's past-due benefits – is a reasonable amount in light of the contingent nature of the recovery, the efficient manner in which counsel handled Plaintiff's case, and the results counsel achieved.

## II

For the reasons stated *supra*, the Court grants the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (D. 19). Attorney David B. Goetz is awarded an attorney's fee under 42 U.S.C. § 406(b) in the amount of $25,403.00. The Plaintiff's counsel is ordered to reimburse to the Plaintiff $14,082.25 in fees counsel previously received under the EAJA, 28 U.S.C. § 2412.[1]

*It is so ordered.*

Entered on September 17, 2025.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

---

[1] The amount of $14,082.25 reflects the combined awards under the EAJA of $6,886.75 and $7,195.50.